IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) No. 2:24-cv-02036-TLP-cgc ) ) |
| ALL FUNDS UP TO $2,979,690.04 IN SOLIDFI VACCOUNT IN THE NAME OF BYTECHIP LLC, BENEFICIAL OWNER YUJUN WU, et al., | ) ) ) ) ) |
|     Defendants. | ) |

**CONSENT ORDER**

Under the consent and agreement of the parties, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. The parties agree that the defendant property shall be divided as follows:

    a. Two million four hundred thirty-six thousand nine hundred sixty-one dollars and seventy-four cents ($2,436,961.74) previously held in Solidfi vAccount #9540002258311162 in the name of Bytechip LLC, shall be remitted to the attorneys for claimant Bytechip LLC and CEO Yujun Wu for return to the claimant;

    b. One million nine hundred thousand dollars ($1,900,000.00) shall be forfeited to the United States to be disposed of in accordance with law as follows:

        i. One million three hundred fifty-seven thousand two hundred seventy-one dollars and seventy cents ($1,357,271.70) previously held in

>> Solidfi vAccount #9540002258156272 in the name of Gatcha Pictures LLC.
>
> ii. Five hundred forty-two thousand seven hundred twenty-eight dollars and thirty cents ($542,728.30) previously held in Solidfi vAccount #9540002258311162 in the name of Bytechip LLC.

2. Bytechip LLC, including its employees, agents, servants, administrators, officers, directors, representatives, members, owners, shareholders, and assigns, waives ownership and relinquishes all rights, if any, as to the remaining funds in the amount of $672,493.69 previously held in Solidfi vAccount #9540002258156272 in the name of Gatcha Pictures LLC.

3. The claimant admits no liability in connection with the seizure of the defendant property, which is the subject of the above-styled case, and there has been no finding or determination of liability.

4. The United States of America, its agents and employees are released and held harmless from any claims that may arise from the seizure of the defendant property and its partial release to claimant under the terms of this order, including, but not limited to, claims for interest, attorney's fees or court costs.

5. The parties understand that the Treasury Offset Program (TOP) is a statutory government collection program, which offsets any federal disbursement due to an individual who owes an undischarged debt to the United States, and could apply to any disbursement to the claimant under this agreement. *See* 31 U.S.C. §§ 3711(a) and 3716(a). By acknowledging as much, however, the claimant does not waive any legal challenge it may have to the applicability of TOP to any disbursement made under this agreement.

6.	This action shall be dismissed with prejudice, and each party shall bear its own attorney's fees and costs.

7.	The Clerk of Court shall enter a judgment incorporating the terms of this order.

**SO ORDERED**, this 21st day of August, 2024.

                                          s/ Thomas L. Parker
                                          THOMAS L. PARKER
                                          UNITED STATES DISTRICT JUDGE